## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LYLE D. BELLMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** CIV-14-814-D |
| | ) | |
| **ENVIRO-CLEAN SERVICES, L.L.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## I. PRELIMINARY STATEMENT

1.     This is a civil action asserting causes of action for employment

discrimination prohibited by the Age Discrimination in Employment Act of 1967, as

amended, 29 U.S.C. §§ 621 *et seq*., ("ADEA"); and for disability discrimination in

violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§

12101 *et seq.* ("ADA").

## II. PARTIES

2.     Plaintiff, Lyle D. Bellmon ("Bellmon"), is an individual citizen and resident

of the United States, and at all times relevant was a resident of Waynoka, Oklahoma,

within the Western District. Bellmon was employed and discharged from employment by

Defendant at its Woodward District office located in the city of Mooreland, Oklahoma,

within the Western District of Oklahoma.

3.     Defendant, Enviro-Clean Services, L.L.C. ("Enviro-Clean"), is a for-profit

Oklahoma limited liability company which has its headquarters and principal place of business in Oklahoma City, Oklahoma.

### III.  JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 626(c) and § 216(b), and 42 U.S.C. § 2000e-5(f)(3) and § 12117(a).

5.      Venue is proper under 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5(f)(3) and § 12117(a), and 28 U.S.C. § 1391(b) and (c).

### IV.  CONDITIONS PRECEDENT

6.      On or about October 8, 2013, Bellmon timely filed a letter charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant discriminated against him based upon his age and disability. The EEOC assigned Bellman's letter charge the Charge No. 564-2014-00025, and on October 24, 2013, sent a notice of an unperfected charge to Enviro-Clean.

7.      On December 11, 2013, Bellmon filed a perfected EEOC charge which was mailed to Enviro-Clean by the EEOC on December 13, 2013.

8.      Bellmon has exhausted his administrative remedies as to his age and disability claims. The EEOC issued Bellmon a notice of right to sue dated May 6, 2014, and he is filing this lawsuit within ninety (90) days of his receipt of said notice.

### V.  FACTUAL ALLEGATIONS

9.      Enviro-Clean is an employer engaged in interstate commerce or activities affecting interstate commerce. Enviro-Clean has facilities in Oklahoma City, Tulsa, and

2

Mooreland, Oklahoma; and in Midland and Arlington, Texas. Enviro-Clean primarily provides its services in Oklahoma, Texas, Kansas, New Mexico, Louisiana, Arkansas, North Dakota, South Dakota, Wyoming, New York, and New Jersey. It does, however, offer to provide services to the entire United States.

10.     Enviro-Clean provides a broad spectrum of products and services for environmental requirements, including consulting and permitting for compliance with environmental regulations; emergency response for saltwater, oil, and chemical spill cleanup; groundwater well installation and monitoring; air, soil, and water sampling; site investigation; and soil and groundwater remediation. It also provides services involving industrial cleaning and routine maintenance programs for its customers, which include oil and gas companies, industrial facilities, manufacturers, insurance companies, and government agencies.

11.     Enviro-Clean is a covered employer under the ADEA and the ADA. It has had the requisite number of employees, i.e., over twenty employees for each week during 2012, 2013, and 2014 year-to-date; and has consistently engaged in interstate commerce within and between numerous states in the United States during the entire time period relevant to this lawsuit.

12.     Bellmon's year of birth is 1951, and he was 62 years of age at the time of his discharge by Enviro-Clean on or about July 26, 2013.

13.     Bellmon is disabled, has a record of disability, and/or was perceived as being disabled by Enviro-Clean due to diabetes, arthritis, heart condition, and injuries

involving his right foot, ankle, knees, and neck, each of which constituted a disability separately or in conjunction with the other conditions.

14.     Bellmon was employed by Enviro-Clean pursuant to a written contract effective April 29, 2013. The employment contract provided that Bellmon was to be the Operations Manager for Enviro-Clean's Woodward Oklahoma District. Bellmon's rate of pay was $75,000 per year. In addition, the contract provided that after a 90-day waiting period, he would be eligible for Enviro-Clean's group health, dental, vision, disability, and life insurance plan for its employees. The cost of his health, short and long term disability, and basic life insurance coverage would be paid in full by Enviro-Clean.

15.     At the time of his employment, Bellmon was told his job duties would consist of managing, scouting jobs, and making sure crews had the necessary resources for the particular job.

16.     Bellmon was qualified for the position for which he was hired based upon his education and prior work experience. His college degree is in science and geography. Further, Enviro-Clean recruited Bellmon from his former position of manager at Crescent Services.

17.     Bellmon specifically advised the hiring officials, including David Claytor, Operations Manager, that he could not perform strenuous or heavy physical work because of his disabilities, including just having had foot surgery. He was told he would have to be in the field only periodically to perform inspections and evaluations. He was also told he would receive necessary safety training and equipment, training in operational

4

requirements, a company pickup, a credit card, and a cell phone.

18.     Bellmon did not receive the required training, equipment, a pickup truck, or other items as promised. He was denied the reasonable accommodation which had previously been promised of non-strenuous and non-physically demanding job duties consistent with his disabilities. Instead, Enviro-Clean intentionally imposed job duties and requirements upon him that were different from those specifically agreed upon and incompatible with his physical disabilities. The new duties required Bellmon to spend approximately 75% of his time working in the field, including a significant amount of walking.

19.     On July 26, 2013, Bellmon was terminated allegedly for poor performance, including not being computer proficient. The reasons for termination were clearly pretextual. Bellmon specifically told Claytor at his job interview that he was not proficient on a computer. Nonetheless, Bellmon performed all of his assigned work in a timely and efficient manner.

20.     Enviro-Clean subjected Bellmon to discriminatory treatment because of his age and/or disability, including, without limitation, denial of training, denial of equipment, denial of reasonable accommodation, significant change in job duties, and discharge.

21.     After his discharge, Bellmon's former job duties were assigned to Roy Slawson, who was approximately 34 years old and non-disabled.

22.     All adverse actions described herein, and taken by Enviro-Clean against

5

Bellmon, including without limitation, his discharge, were done intentionally, willfully, or in reckless disregard for his legal rights. Enviro-Clean has a written policy stating it will not discriminate against its employees because of age and/or disability. Nonetheless, it willfully and knowingly took adverse employment-related actions against Bellmon because of his age and/or disability.

23. The employment contract into which Enviro-Clean and Bellmon entered provided him annual compensation of $75,000 per year plus significant fringe benefits which would be paid in full by Enviro-Clean, including paid vacation, medical insurance, short and long term disability insurance, and life insurance coverage. As a result of Enviro-Clean's wrongful actions, Bellmon has suffered a loss of employment; loss of career path and seniority; loss of compensation and benefits; and compensatory damages, including, without limitation, those for humiliation, embarrassment, loss of dignity, stress, and loss of enjoyment of life.

## VI. FIRST CAUSE OF ACTION: VIOLATION OF THE ADEA

24. Bellmon incorporates hereunder by reference paragraphs 1-23, as set forth above.

25. Bellmon was over age 40 at the time he was subjected to the discriminatory treatment, including discharge, described in ¶¶ 18-22, above.

26. Bellmon was fully qualified to perform the job duties for which he was hired.

27.     After his discharge, Bellmon's job duties were assigned to a much younger employee, age 34. Further, younger employees were treated more favorably than Bellmon in regard to training, job assignments, provision of personal equipment, discipline, and discharge.

28.     A determining factor in all of Enviro-Clean's adverse actions toward Bellmon, including his discharge, was his age, in violation of the ADEA. As a result of Enviro-Clean's adverse actions, Bellmon suffered the losses and damages described in ¶ 23, above.

29.     Enviro-Clean's violations of the ADEA were willful.

30.     Bellmon is entitled to all remedies and relief afforded by the ADEA, including, without limitation, back pay, liquidated damages, reinstatement or front pay, costs, expenses, and a reasonable attorneys' fee in bringing this action, as well as pre-judgment and post-judgment interest.

## VII.   SECOND CAUSE OF ACTION: VIOLATION OF ADA

31.     Bellmon incorporates hereunder by reference paragraphs 1-30, as set forth above.

32.     Bellmon is protected under the ADA from employment discrimination based upon his disability. Enviro-Clean discriminated against Bellmon because of his disability by taking the adverse actions against him described above in ¶¶ 18-22, including, without limitation, terminating him from employment because of his

7

disability, record of disability, or Enviro-Clean's perception that he is disabled, in violation of the ADA. As a result of Enviro-Clean's adverse actions, Bellmon suffered the losses and damages described in ¶ 23, above.

33.     Enviro-Clean's actions in violating the ADA were intentional, willful, malicious, or in reckless disregard for Bellmon's rights thereunder.

34.     Bellmon is entitled to all remedies and relief provided for a violation of the ADA, including back pay, reinstatement or front pay, compensatory and punitive damages, costs, expenses, and a reasonable attorneys' fee in bringing this action, as well as pre-judgment and post-judgment interest.

## VIII.  **JURY TRIAL REQUESTED**

35.     Bellmon is entitled to a jury trial under the ADEA and the ADA, and hereby requests a jury trial.

## IX.  **PRAYER FOR RELIEF**

36.     Bellmon prays for judgment as follows:

A.     Payment of back wages, benefits, and compensation;

B.     Reinstatement to his former job position, or alternatively, appropriate future pay, including all wages, benefits and compensation;

C.     All other compensatory damages, including, but not limited to, those for humiliation, loss of dignity, stress, and loss of enjoyment of life;

8

D.      Liquidated damages;

E.      Punitive or exemplary damages;

F.      Declaratory and injunctive relief as appropriate;

G.      Pre-judgment and post-judgment interest on all sums recovered by

        Plaintiff; and,

H.      Attorney's fees, costs and such other and further relief as the Court

        deems reasonable and proper.

                                        s/Raymond C. Durbin
                                        OBA No. 2554
                                        601 N.W. 13th Street
                                        Oklahoma City, Oklahoma 73103-2213
                                        Phone:      (405) 521-0577
                                        Fax:        (405) 525-0528
                                        Email:      durbinlaw@flash.net

                                        ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**

**JURY TRIAL DEMANDED.**